UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF DONALD YOUNGBLOOD, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-992-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF. No. 1.)<br><br>FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

### I. PROCEDURAL HISTORY

Plaintiff Richard Alan Lawson ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 filed on June 8, 2009. (ECF No. 1.) Plaintiff's consent to Magistrate Judge jurisdiction was filed June 18, 2009 (ECF. No. 5.), and his Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a

claim upon which relief may be granted.

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at the California Institution for Men ("CIM") in Chino, California, brings this action alleging violation of his constitutional right to adequate

medical care and to be free from excessive force. The events of which he complains occurred on October 2, 2008 at the Kern County Jail Central Receiving Facility. Plaintiff names the following individuals as Defendants: Donald Youngblood (Sheriff), John Doe (Deputy Sheriff Sargent), John Does 1-4 (Deputy Sheriffs), and Jane Doe (Licensed Vocational Nurse). All Defendants are employed by the Kern County Jail Central Receiving Facility.

Plaintiff alleges as follows: After being placed in mechanical ankle restraints, Plaintiff informed the deputy sheriff that the restraints were too tight. The deputy sheriff told Plainitff to be quiet. Plaintiff was then placed in mechanical restraints around his waist and wrists and told to walk into the holding cell. Plaintiff again advised that the ankle restraints were tight and painful and left him unable to walk. A deputy then pushed Plaintiff from behind, Plaintiff fell over a pile of clothing or bedding, landed on the floor, sustained injuries to his nose and mouth, and was knocked unconscious. Deputies standing above Plaintiff when he regained consciousness refused to help him stand and refused him medical attention. Eventually, the nurse gave him gauze for his nose and informed him that he would receive medical attention when he was transferred.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

3

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

Plaintiff claims that Defendants violated his constitutional rights by using excessive force in causing his fall and by failing to provide adequate medical treatment after his fall. Plaintiff requests "punitive, monetary, and declaratory damages." (ECF. No. 1.) Each of Plaintiff's claims will be addressed in turn below.

### A.     Medical Care Claim

As noted, Plaintiff alleges that Defendants failed to provide adequate medical care to him after his fall. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk

4

to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In this case, Plaintiff has failed to allege facts sufficient to show "deliberate

5

indifference to serious medical needs." He has merely alleged an injury and delay in giving it the treatment Plaintiff felt it warranted. Plaintiff's allegations do not describe a medical condition so serious as to require immediate attention beyond that provided. Without alleging such a serious condition, it can not be said that the response to it reflected "deliberate indifference" or a "conscious disregard of an excessive risk". Moreover, there is no allegation as to whether or how the perceived delay in providing care caused further harm to him.

Plaintiff will be given leave to amend this claim and attempt to set forth true facts sufficient to address these deficiencies and comply with the pleading requirements set forth in the law above.

### B.   Excessive Force Claim

Plaintiff also claims the use of excessive force violated his constitutional rights. The analysis of an excessive force claim brought pursuant to section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Fourth Amendment bars excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen." Id. at 395. In the Ninth Circuit, the Fourth Amendment applies after arrest and until arraignment. Pierce v. Multnomal Cty., 76 F.3d 1032, 1042 (9th Cir. 1996). The Eighth Amendment's prohibition on cruel and unusual punishment "was designed to protect those convicted of crimes, and consequently the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Whitley v. Albers, 475 U.S. 312, 318 (1976). Between arraignment and

conviction, there is no "specific constitutional right" to be free from excessive force under either the Fourth or Eighth Amendments, but a plaintiff may turn to the "more generalized notion of substantive due process" articulated in the Fourteenth Amendment. See Graham, 490 U.S. at 395 n.10; Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).

Plaintiff has not included sufficient facts to determine where he was in the custody continuum when the alleged excessive force incident occurred. The Court is therefore unable to determine which legal standard governs Plaintiff's claim. The Court will nevertheless outline the standard applicable to each period of custody in an effort to guide Plaintiff in determining which standard he needs to meet to state a claim in his amended complaint.

1. Fourth Amendment

If Plaintiff had not yet been arraigned when the alleged incident occurred, the Fourth Amendment would apply to his claim. To state an excessive force claim under the Fourth Amendment, Plaintiff must allege that Defendants' use of force was objectively unreasonable in light of the facts and circumstances confronting the officers, without regard to the officer's underlying intent or motivation. See Graham, 490 U.S. at 397. The Court is to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The "reasonableness" of the force used in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." Id.

2. Fourteenth Amendment

If Plaintiff had been arraigned on criminal charges but had not yet been convicted, then the Fourteenth Amendment would apply to his claim.  In resolving a Fourteenth Amendment substantive due process claim, the Court must balance "'several factors focusing on the reasonableness of the officers' actions given the circumstances.'" White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987) (overruled on other grounds)).  The Ninth Circuit has articulated four factors that courts should consider in resolving a due process claim alleging excessive force:  (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. Id.

    3.  Eighth Amendment

If Plaintiff had already been convicted when the alleged force was used, the Eighth Amendment would govern his claim.  To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Hudson v. McMillian, 503 U.S. 1, 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force,

provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

### 4. Amendment Necessary

Thus, to state an excessive force claim, Plaintiff must first plead facts clarifying his custody status at the time of the incident and plead sufficient facts to meet the legal standard applicable to that status as set out above. The existing pleadings do not contain sufficient facts to state a claim regardless of the custody status. Plaintiff merely alleges a "push from behind" which caused him to fall to the ground. There is no allegation as to whether the push was wrongful or wrongfully motivated, as to precisely what came into contact with Plaintiff's body and with what force, or as to any other circumstances surrounding the push sufficient to enable the Court to evaluate whether a constitutional violation could have occurred in connection with it.

The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient facts to state such a claim.

### C. Personal Participation By Defendants

Under section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own

misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In this action, Plaintiff has not alleged facts demonstrating that Defendant Youngblood personally acted to violate his rights in any way. Plaintiff complains that one deputy used excessive force causing his fall and that several other deputies denied his request for medical assistance. Plaintiff does not specifically link any of these complaints to Defendant Youngblood or to Defendant Jane Doe. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order and specifically describing precisely what each and every defendant did to violate his rights.

### D.     Doe Defendants

Plaintiff names as Defendants John Doe (Sargent), John Does 1-4 (Deputy Sheriffs), and Jane Doe (Licensed Vocational Nurse). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696 (N.D.Cal., 2010). Plaintiff is advised that neither John Doe nor Jane Doe defendants can be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the defendants' actual

names. The burden remains on Plaintiff to promptly discover the full names of Doe defendants; the court will not undertake to investigate the names and identities of unnamed defendants. Id. The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any claims against any of the named defendants upon which relief may be granted under section 1983. Having notified Plaintiff of the deficiencies in his Complaint, the Court will provide him with time to file an amended complaint to address these deficiencies. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

In his amended complaint, Plaintiff must demonstrate that the alleged incident(s) resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that the opportunity to amend does not include the opportunity to add new defendants or claims. The amended complaint should address only claims and defendants arising out of the October 2, 2008 incident.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

11

57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, and Plaintiff is given leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:09-cv-992-MJS (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for

IT IS SO ORDERED.

Dated:   November 12, 2010         /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE