1
2
3
4
5
6
7          UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10    RICHARD ALAN LAWSON,                    CASE NO.     1:09-cv-00992-MJS (PC)

11                      Plaintiff,            ORDER DISMISSING FIRST AMENDED
                                              COMPLAINT WITH LEAVE TO AMEND
12          v.

13    SHERIFF DONALD YOUNGBLOOD, et al.,  (ECF No. 11.)

14                      Defendants.          SECOND AMENDED COMPLAINT DUE
                                             WITHIN THIRTY DAYS
15    _____/

16

17                         **SCREENING ORDER**

18    **I.    PROCEDURAL HISTORY**

19
          Plaintiff Richard Alan Lawson ("Plaintiff") is a state prisoner in the custody of the
20
21    California Department of Corrections and Rehabilitation ("CDCR"), and proceeding pro se

22    and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed

23    this action on June 8, 2009.  (ECF No. 1.)  Plaintiff's consent to Magistrate Judge

24    jurisdiction was filed June 18, 2009.  (ECF. No. 5.)

25
          Plaintiff's original Complaint was dismissed with leave to amend for failure to state
26
27    a claim.  (ECF No. 10.)  He filed a First Amended Complaint on December 17, 2010.  (ECF

                                   1

No. 11.)  The First Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## II.   SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.   SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at the California Institution for Men ("CIM") in Chino, California, brings this action alleging violation of his right to adequate medical care under the Eighth Amendment and use of excessive force.  Plaintiff named the following individuals as Defendants to this action:  John Doe #5 (Deputy Sheriff Sargent), John Does #1-4 (Deputy Sheriffs), and Jane Doe (Licensed Vocational Nurse).  All Defendants are employed by the Kern County Jail Central Receiving Facility.

Plaintiff alleges the following:  On October 1, 2008, Plaintiff was arrested.  He was held by the Kern County Sheriff's Department at their Receiving Facility until his arraignment.  Plaintiff was placed in mechanical ankle restraints by Deputy #1.  Plaintiff, is diabetic and, as a result, his feet and ankles were swollen.  He informed Deputy #1 that the restraints were too tight and cutting off circulation to his feet.  Plaintiff was told to be quiet by Deputy #1, who then placed additional wrist and waist cuffs on Plaintiff and ordered Plaintiff to walk into the holding cell.  Plaintiff again informed Deputy #1 that the ankle restraints were too tight, causing Plaintiff pain and leaving Plaintiff unable to walk.  Deputy #1 pushed Plaintiff from behind, causing Plaintiff to fall over a pile of laundry, hit the floor face first, and be rendered unconscious.  Plaintiff sustained severe injuries to his nose and mouth: Plaintiff's dentures were imbedded in his mouth, he had difficulty breathing through his nose, and he was bleeding heavily from his nose and mouth.

Deputies #1 through 4 were standing above Plaintiff when he became conscious.  They refused to help him stand.  They also refused him medical attention.  Eventually, the nurse threw gauze at Plaintiff for his nose and informed Plaintiff that he would receive medical attention when he was transferred.

Plaintiff was still on the ground in restraints when Deputy Sheriff Sergeant

approached and began questioning the Deputies about the incident.   Plaintiff again

requested medical attention.  He did not receive any until he was transferred.

Plaintiff seeks punitive and declaratory damages.

## IV.   ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or
> causes to be subjected, any citizen of the United States . . . to
> the deprivation of any rights, privileges, or immunities secured
> by the Constitution . . . shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for
> redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

1997) (internal quotations omitted).

### A.   Doe Defendants

All Defendants named by Plaintiff are Does.  "As a general rule, the use of 'John

Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

Cir. 1980).  "It is permissible to use Doe defendant designations in a complaint to refer to

defendants whose names are unknown to plaintiff.  Although the use of Doe defendants

is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe

defendants creates its own problem:  those persons cannot be served with process until

they are identified by their real names."  Robinett v. Correctional Training Facility, 2010 WL

2867696 (N.D.Cal. 2010).   Plaintiff is advised that neither John Doe nor Jane Doe

defendants can be served by the United States Marshal until Plaintiff has identified them

as actual individuals and amended his complaint to substitute the defendants' actual

4

names.   The burden remains on Plaintiff to promptly discover the full names of Doe

defendants; the Court will not undertake to investigate the names and identities of

unnamed defendants.  Id.

The Court will grant Plaintiff a final opportunity to amend his otherwise cognizable

claims discussed below and name the appropriate defendants.  Plaintiff shall undertake

to identify the individuals responsible for the acts complained of.  If he  can show that he

exercised  reasonable diligence to try to identify the responsible parties but was unable to

do so, he shall so notify the Court , and it will consider some means of assisting him.

### B.    Medical Care Claim

Plaintiff alleges that Defendants failed to provide him with adequate medical care

after his fall.   "[T]o maintain an Eighth Amendment claim based on prison medical

treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett

v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97,

106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1)

"'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2)

"the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096

(quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)

(internal quotations omitted)).   Deliberate indifference is shown by "a purposeful act or

failure to respond to a prisoner's pain or possible medical need, and harm caused by the

indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state

a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to

support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

6

Plaintiff has alleged facts sufficient to show "deliberate indifference to serious medical needs."  Plaintiff states that he was bleeding heavily from his nose and mouth and that his dentures were imbedded in the roof of his mouth.  Assuming their truth, the pleadings make it  clear Plaintiff's injuries were visible when the Deputy Sheriff Sergeant asked questions while Plaintiff was on the floor and the nurse threw gauze at Plaintiff for the bleeding.  Plaintiff asserts too that he requested medical attention from Deputies #1 through 4 and the Sergeant.  Plaintiff goes on to state that, once he finally received treatment, he had to spend eight weeks in the hospital and eventually have surgery because of the incident.  Based on these allegations, Plaintiff has stated a claim for inadequate medical care in violation of the Eighth Amendment against all named Defendants.

The Court finds that Plaintiff suffered a serious medical condition and that Defendants were deliberately indifferent to it.  However, Plaintiff has failed to name any specific Defendants and only refers to them as Does.  The Court will grant Plaintiff leave to amend this claim to name individual Defendants.

### C.    Excessive Force Claim

Plaintiff claims the use of excessive force in violation of his constitutional rights. The analysis of an excessive force claim brought pursuant to section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force."  Graham v. Connor, 490 U.S. 386, 394 (1989).  The Fourth Amendment bars excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen."  Id. at 395.  In the Ninth Circuit, the Fourth Amendment applies after arrest and until arraignment. Pierce v. Multnomal Cty., 76 F.3d 1032, 1042 (9th Cir. 1996).  Because

7

Plaintiff had been arrested, but had yet to be arraigned, the standard for excessive force under the Fourth Amendment applies to his claims.

To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that Defendants use of force was objectively unreasonable in light of the facts and circumstances confronting the officers, without regard to the officer's underlying intent or motivation.  See Graham, 490 U.S. at 397.  The Court is to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Id. at 396.  The "reasonableness" of the force used in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight."  Id.

Plaintiff alleges a push from behind causing him to fall to the ground at a time when he was fully restrained at the ankle, waist, and wrists.  The pleading reveals that  Plaintiff was defying an order to walk but only because  the ankle restraints were too tight.  Regardless, a remedy other than pushing a chained prisoner and making him fall on his face surely existed.  In light of the facts plead, the Court concludes that  the force used was excessive in this case.  Plaintiff has stated an excessive force claim against Deputy #1.  However, again, Plaintiff has not provided sufficient information to allow the Court to serve Deputy #1.  The Court will grant Plaintiff leave to amend this claim to name the appropriate Defendant.

## IV.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint has stated claims upon

which relief may be granted under Section 1983; however, Plaintiff fails to name the individual Defendants responsible for the wrongdoing, and instead refers to them as Does. Having notified Plaintiff of this deficiency in his Complaint, the Court will provide him with time to file an amended complaint to address this deficiency.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus naming the Defendants from the incident on October 2, 2008.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.     Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-992-MJS (PC); and

3.     If Plaintiff fails to comply with this order, this action may be dismissed for

9

1         failure to state a claim upon which relief may be granted.

2

3    IT IS SO ORDERED.

4

5    Dated:   March 1, 2011           /s/ *Michael J. Seng*

6                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27