UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. LAWSON, | Case No. 1:09-cv-0992-MJS (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| SHERIFF DONALD YOUNGBLOOD, et al., | (ECF No. 14) |
| Defendants. | |

On May 16, 2011, Plaintiff Richard A. Lawson ("Plaintiff") filed a Motion to Appoint Counsel. (ECF No. 14).

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

1  of the complexity of the legal issues involved." Id. (internal quotation marks and citations
2  omitted).

3      In the present case, the Court does not find the required exceptional circumstances.
4  Even if it is assumed that Plaintiff is not well versed in the law and that he has made
5  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
6  This Court is faced with similar cases almost daily.  Further, at this early stage in the
7  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on
8  the merits, and based on a review of the record in this case, the Court does not find that
9  Plaintiff cannot adequately articulate his claims.  Id.

10      Plaintiff's case is awaiting screening by the Court, and no f action is required of
11  Plaintiff at this time.  The Court is sympathetic to Plaintiff's health condition and the fact
12  that it—coupled with his low-level reading skills—may make it difficult for him to prosecute
13  this action pro se.  However, many prisoners face similarly difficult conditions and the Court
14  simply does not have the resources to appoint counsel for all disadvantaged plaintiffs.  If
15  this case should proceed into discovery, Plaintiff may renew his request and the Court will
16  reconsider whether, at that time and under those circumstances, the appointment of
17  counsel may be appropriate.

18      For the foregoing reasons, Plaintiff's motion for the appointment of counsel is
19  HEREBY DENIED, without prejudice to Plaintiff re-raising the issue if this case proceeds
20  to discovery.

23  IT IS SO ORDERED.

24  Dated:   June 14, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE