UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. LAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHERIFF DONALD YOUNGBLOOD,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-0992-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 17)<br><br>PLAINTIFF MUST FILE SECOND AMENDED COMPLAINT BY AUGUST 25, 2011 |

　　　　Plaintiff Richard A. Lawson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On March 3, 2011, the Magistrate Judge in this matter issued a Screening Order dismissing Plaintiff's First Amended Complaint for failure to state a claim upon which relief could be granted. (Order, ECF No. 12.) Plaintiff was to file his Second Amended Complaint within thirty days of entry of the Order. (Id.) Plaintiff filed a Motion for an Extension of Time to File an Amended Complaint on May 16, 2011. (Mot., ECF No. 15.) The Court granted the requested extension on June 14, 2011. (Order, ECF No. 17.) Pursuant to this Order, Plaintiff was to file his Second Amended Complaint by July 5, 2011. (Id.) This deadline has passed, and to date Plaintiff has not filed a Second Amended Complaint or a request for an extension.

　　　　Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and

-1-

all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's June 14, 2011 Order. The July 5, 2011 deadline has passed. (Order, ECF No. 17.) Nevertheless, the Court will give the Plaintiff **one more** opportunity to undertake to pursue this action.

Plaintiff is ordered to file a Second Amended Complaint no later than **August 25, 2011**. Failure to meet this deadline will result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated:   July 26, 2011            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE