UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>　　　　　　Plaintiff,<br>　　v.<br>SHERIFF DONALD YOUNGBLOOD, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO.   1:09-cv-00992-MJS (PC)<br><br>ORDER FINDING THAT PLAINTIFF'S SECOND AMENDED COMPLAINT STATES A COGNIZABLE CLAIM<br><br>(ECF No. 21) |

## SCREENING ORDER

Plaintiff Richard Alan Lawson ("Plaintiff"), a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's consent to Magistrate Judge jurisdiction was filed on June 18, 2009. (ECF. No. 5.)

Plaintiff filed this action on June 8, 2009. (ECF No. 1.) His original Complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 10.) He filed his First

1

Amended Complaint on December 17, 2010.  (ECF No. 11.)  Plaintiff's First Amended Complaint also was dismissed with leave to amend for failure to state a claim.  (ECF No. 12.)  The Court found that Plaintiff had pled all of the elements necessary to claims for inadequate medical care and excessive force under the Eighth Amendment, but failed to name any defendant against whom the claim was made; he named only "Doe" defendants.  (Id.)  After several delays, Plaintiff filed a Second Amended Complaint on November 7, 2011.  (ECF No. 21.)  The Second Amended Complaint is now before the Court for screening.  The Court finds that it states cognizable claims.

I.   **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### III.     SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at the California Institution for Men ("CIM") in Chino, California, brings this action alleging Defendants' use of excessive force and violation of Plaintiff's right to adequate medical care. Plaintiff names the following individuals as Defendants: Matthew Laird (Deputy Sheriff), Justin Sawaske (Deputy Sheriff), Embrey (Deputy Sheriff), Lewis V. Chang (Deputy Sheriff), Clemente (Licensed Vocational Nurse), and Kern County Jail. All Defendants are sued in their individual and official capacities.

Plaintiff alleges the following: On October 1, 2008, Plaintiff was arrested. He was held by the Kern County Sheriff's Department at their Receiving Facility until his arraignment. (Compl. at 4.) Plaintiff was placed in mechanical ankle restraints by Defendant Laird. Plaintiff is diabetic and, as a result, his feet and ankles were swollen; he informed Defendant Laird that the restraints were too tight and cutting off circulation to his feet. (Id.) Defendant Laird told him to be quiet and ordered him to walk into the holding cell. (Id.) Plaintiff repeated his complaint that the restraints were too tight and were cutting off circulation to his feet. (Id. at 5.) Defendant Laird pushed Plaintiff from behind causing Plaintiff to fall on his face and lose consciousness. (Id. at 5.) Defendants Sawaske and Embrey witnessed the incident, but did nothing to prevent Defendant Laird from using such

3

force against Plaintiff. (Id. at 5.) When Plaintiff regained consciousness, he found that he had sustained severe injuries to his nose and mouth: his dentures were imbedded in his mouth, he had difficulty breathing through his nose, and he was bleeding heavily from his nose and mouth. (Id. at 5.)

Defendants Laird, Sawaske, and Embrey did not provide any assistance to Plaintiff, even though he asked for help. (Compl. at 5.) Defendant Chang, the shift sergeant, appeared soon thereafter. (Id.) Defendant Chang saw Plaintiff's condition and asked what had happened to him. (Id.) Defendants Laird, Sawaske, and Embrey falsely claimed that they did not known how Plaintiff had sustained his injuries. (Id. at 6.) After Defendant Chang inquired, Plaintiff was helped up from the floor. (Id.) Plaintiff informed Defendant Chang that he had been assaulted and was afraid the assault might continue. (Id.) Defendant Chang expressed concern for Plaintiff and said he should not be transferred, but he did not hold Defendants Laird, Sawaske, and Embrey responsible for their misconduct. (Id.) Defendant Chang eventually allowed Plaintiff to be transferred even though he was seriously injured and bleeding. (Id.)

Defendant Clemente, a nurse, observed Plaintiff's condition; Plaintiff begged her for help. (Compl. at 6.) Eventually, she threw gauze into his cell to help control the bleeding. (Id.) Nevertheless, Plaintiff continued to bleed and suffer extreme pain during his transfer from the Receiving Facility to the Lerdo Pretrial Detention Facility (Id. at 6-7.) When Plaintiff arrived at Lerdo Pretrial Detention Facility Jail, he was examined by a nurse practitioner who hospitalized him due to the seriousness of his injuries. (Compl. at 7.) Plaintiff was told that his injuries required immediate surgery. (Id. at 7.) A court order was issued directing that Plaintiff be held in "county" for surgery. (Id. at 7.) The court order was

disregarded by officials at the Receiving Facility who transferred him to state prison. (Id.) The resultant delay in medical treatment caused Plaintiff additional pain and suffering and medical complications. (Id.) Plaintiff still cannot breathe correctly. (Id.) Plaintiff's injuries were so severe that he received surgery for his injuries as soon as he arrived at Lerdo Pretrial Detention Facility. (Id. at 8.)

Plaintiff seeks injunctive relief, damages in the sum of $75,000, punitive damages in the sum of $225,000, and other equitable relief the Court finds to be just and equitable.

### III.   ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

////
////
////

5

A. **Medical Care Claim**

Plaintiff alleges that Defendants failed to provide him with adequate medical care after his fall.

As the Court previously informed Plaintiff, "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)

6

(citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff has alleged facts sufficient to show he had a serious medical need.  He alleges that as a result of his fall after Defendant Laird pushed him he sustained severe injuries to his nose and mouth, was bleeding heavily and was in severe pain.  (Compl. at 5.)  These injuries constitute a serious medical condition.

Plaintiff also has alleged facts, which if accepted as true, as they must be at this stage of the case, are sufficient to show that Defendants Laird, Sawaske, Embrey, Chang,

7

and Clemente acted with "deliberate indifference to serious medical needs."

According to the pleadings, the severity of Plaintiff's injuries was quite obvious. He was bleeding heavily and his dentures were imbedded in the roof of his mouth. A nurse at the Lerdo faculty immediately recognized the severity of Plaintiff's injuries and had him hospitalized (where he underwent corrective surgery). Plaintiff asserts that all of the Defendants observed his injuries and were aware of his complaints of severe pain and his pleas for medical assistance. Other than Defendant Chang's expression of concern and Defendant Clemente's providing him with some gauze to absorb the blood, all of the Defendants ignored his pleas and refused him medical care. In short, the allegations, if taken as true, as they must be at this stage of the proceedings, are that Defendants were aware of Plaintiff's very serious medical condition and yet remained deliberately indifferent to it. This is sufficient to raise a cognizable claim for inadequate medical care in violation of the Eighth Amendment against Defendants Laird, Sawaske, Embrey, Chang, and Clemente. Further proceedings will need be conducted to determine the validity of the claims.

### B. Excessive Force Claim

Plaintiff claims the use of excessive force in violation of his constitutional rights.

As the Court previously informed Plaintiff, the analysis of an excessive force claim brought pursuant to section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Fourth Amendment bars excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen." Id. at 395. In the Ninth Circuit, the Fourth Amendment applies after arrest and until arraignment. Pierce v. Multnomal Cty.,

76 F.3d 1032, 1042 (9th Cir. 1996). Because Plaintiff had been arrested, but had yet to be arraigned, the standard for excessive force under the Fourth Amendment applies to his claims.

To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that Defendants use of force was objectively unreasonable in light of the facts and circumstances confronting the officers, without regard to the officer's underlying intent or motivation. See Graham, 490 U.S. at 397. The Court is to consider "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The "reasonableness" of the force used in a particular case "must be judged from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight." Id.

Plaintiff alleges Defendant Laird pushed him from behind when he was restrained: at the ankles, waist, and wrists and having difficulty walking because of the tightness of the restraints on his swollen legs. The shove caused him to fall to the ground and sustain the serious injuries described herein. Given the facts pled, the use of force was objectively unreasonable and therefore excessive. The Court finds that Plaintiff has stated an excessive force claim against Defendant Laird.

**C.     Claims against Kern County Jail**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible

9

claim for relief.  Iqbal, 129 S.Ct. at 1949–50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the unconstitutional deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under Section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff does not mention how Defendant Kern County Jail participated in the alleged violation of Plaintiff's rights.  It is not mentioned at all in the body of the Complaint. As pled, Plaintiff's Complaint does not state a claim against Defendant Kern County Jail. Plaintiff having had one opportunity to amend and allege individual Defendant responsibility and failing to have availed himself of that possibility, it is not appropriate to give further leave to amend in this regard.

## IV.   CONCLUSION AND ORDER

Accordingly, the Court as follows:

1. Plaintiff has stated a cognizable claim for inadequate medical care under the Eighth Amendment against Defendants Laird, Chang, Sawaske, Embrey,

and Clemente;

2. Plaintiff has stated a cognizable claim for excessive force under the Eighth Amendment against Defendant Laird; and

3. Plaintiff has failed to state a cognizable claim against Defendant Kern County Jail.

IT IS SO ORDERED.

Dated: December 1, 2011          /s/ *Michael J. Seng*
ci4d6                            UNITED STATES MAGISTRATE JUDGE