IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>DONALD YOUNGBLOOD, et al.,<br><br>    Defendants.<br>_____/ | CASE No. 1:09-cv-00992-LJO-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF'S URGENT MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS<br><br>(ECF No. 43)<br><br>TWENTY-ONE (21) DAY DEADLINE<br><br>NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION TO DISMISS |

**I.    PROCEDURAL HISTORY**

Plaintiff Richard Alan Lawson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 8, 2009 pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge jurisdiction. (ECF No. 5.) Defendants Embrey, Laird and Sawaske have declined Magistrate Judge

-1-

jurisdiction. (ECF No. 32.)

This matter proceeds on Plaintiff's Second Amended Complaint claims for inadequate medical care against Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and for excessive force under the Eighth Amendment against Defendant Laird. Defendants Laird, Sawaske and Embrey filed an Answer on August 1, 2012 (ECF No. 29) and a Motion to Dismiss for Failure to Exhaust Administrative Remedies on September 6, 2012. (ECF No. 37.) On October 1, 2012, Plaintiff filed an Urgent Motion to File Responsive Pleadings (ECF No. 43), seeking an extension of time to oppose Defendants Motion to Dismiss. On October 1, 2012, Defendants Laird, Sawaske and Embrey filed a Response to Plaintiff's Motion (ECF No. 44), stating their non-opposition to an extension of time. The Motion is now before the Court.

## II.     **EXTENSION OF TIME**

The Court finds that Plaintiff's motion for extension of time is supported by good cause and unopposed by Defendants.  Plaintiff shall within twenty-one (21) days following service of this order file his response to Defendants' Motion to Dismiss.

## III.    **CURRENT ADDRESS**

Plaintiff in his Motion appears to take the position that his current address of record, California medical Facility, P.O. Box 2500, Vacaville, CA 95696-2500, is not correct. Plaintiff is required to maintain a current address with the Court. Local Rule 183(b) provides that:

> Address Changes. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Plaintiff shall file any necessary correction of his current address within twenty-one (21) days of service of this order.

## IV. **NOTICE AND WARNING**

Pursuant to Woods v. Carey, Nos. 09–15548, 09–16113, 2012 WL 2626912 (9th Cir. Jul.6, 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir.2003), the Court hereby notifies Plaintiff of the following rights and requirements for opposing the Motion to Dismiss:

1. Unless otherwise ordered, all motions to dismiss shall be briefed pursuant to Local Rule 230(l).

2. Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Local Rule 230(l). If Plaintiff fails to file an opposition or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure to prosecute. Generally the opposition or statement of non-opposition must be filed not more than twenty-one (21) days after the date of service of the motion. Id.

3. Defendants have filed a motion to dismiss for failure to exhaust the administrative remedies as to one or more claims in the Complaint. The failure to exhaust the administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir.1988)). In deciding a motion to dismiss for failure to exhaust, the Court will look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119–20 (quoting Ritza, 837 F.2d at 368). If the Court concludes that Plaintiff has not exhausted the administrative remedies, the unexhausted claims must be dismissed and the Court will grant the motion to dismiss. Wyatt, 315 F.3d at 1120. If all of the claims are unexhausted, the case will be dismissed, which means Plaintiff's case is over. If some of the claims are exhausted and some

are unexhausted, the unexhausted claims will be dismissed and the case will proceed forward only on the exhausted claims. Jones v. Bock, 549 U.S. 199, 219–224 (2007). A dismissal for failure to exhaust is without prejudice. Wyatt, 315 F.3d at 1120.

4. If responding to Defendants' unenumerated 12(b) motion to dismiss for failure to exhaust the administrative remedies, Plaintiff may not simply rely on allegations in the complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and/or by submitting other evidence regarding the exhaustion of administrative remedies. See Fed.R.Civ.P. 43(c); Ritza, 837 F.2d at 369. If Plaintiff does not submit his own evidence in opposition, the Court may conclude that Plaintiff has not exhausted the administrative remedies and the case will be dismissed in whole or in part.

5. Unsigned declarations will be stricken, and declarations not signed under penalty of perjury have no evidentiary value.

6. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including but not limited to dismissal of the action or entry of default.

## V. ORDER

Accordingly, it is hereby ordered that:

1. Plaintiff's Urgent Motion to File Responsive Pleadings (ECF No. 43) is granted such that Plaintiff shall within twenty-one (21) days following service of this order file his response to Defendants' Motion to Dismiss.

2. Plaintiff shall file any necessary correction of his current address within twenty-one (21) days of service of this order.

3. The Clerk is directed to serve this order on Plaintiff at the following addresses:

| | |
|---|---|
| Richard Lawson<br>26627 Shakespeare Lane<br>Stevenson Ranch, CA 91381. | Richard Lawson<br>CDC#D30022<br>California Medical Facility<br>P.O. Box 2500<br>Vacaville, CA 95696-2500. |

IT IS SO ORDERED.

Dated: October 4, 2012         /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE