1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9
RICHARD ALAN LAWSON,                    CASE NO.    1:09-cv-00992-LJO-MJS (PC)
10
                     Plaintiff,         FINDINGS AND RECOMMENDATION
11                                       DENYING WITHOUT PREJUDICE
                                         DEFENDANTS' MOTION TO DISMISS
12      v.                               ACTION FOR FAILURE TO EXHAUST
                                         ADMINISTRATIVE REMEDIES
13
DONALD YOUNGBLOOD, et al.,              (ECF No. 37)
14
                     Defendants.        FOURTEEN (14) DAY DEADLINE
15
_____/
16

17   **I.    PROCEDURAL HISTORY**

18          Plaintiff Richard Alan Lawson is a state prisoner proceeding pro se and in

19   forma pauperis in this civil rights action filed on June 8, 2009 pursuant to 42 U.S.C. §

20   1983. (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Consent

21   to Jurisdiction, ECF No. 5.) Defendants Embrey, Laird and Sawaske declined Magistrate

22   Judge jurisdiction. (Decline of Jurisdiction, ECF No. 32.)

23          This matter arose on October 2, 2008, during Plaintiff's incarceration as a pre-trial

24   detainee at the Kern County Central Receiving Facility ("Downtown Jail") while in the

25   custody of the Kern County Sheriff's Department ("Department"). Plaintiff alleges that, while

26   in restraints and awaiting transfer from the Downtown Jail to the Department's Lerdo

27   Detention Facility ("Lerdo"), Defendant Laird pushed him from behind, propelling him face-

28   first onto the concrete floor, knocking him unconscious and causing face and mouth

injuries including an embedded denture in the roof of his mouth, bleeding, and airway complications. (Second Am. Compl., ECF No. 21 at 5-8.)

The matter proceeds on Plaintiff's Second Amended Complaint for inadequate medical care under the Eighth Amendment against Department Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and for excessive force under the Eighth Amendment against Defendant Laird. (Order on Cognizable Claims, ECF No. 22.) Defendants Laird, Sawaske and Embrey filed an Answer on August 1, 2012. (Answer, ECF No. 29). The Court filed its Discovery and Scheduling Order on August 2, 2012, providing a dispositive motion deadline of June 13, 2013. (Discov. & Sched. Order, ECF No. 30.)

On September 6, 2012, Defendants Laird, Sawaske and Embrey filed a motion to dismiss on the ground that Plaintiff had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). (Mot. Dismiss, ECF No. 37.) On October 4, 2012, pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court notified Plaintiff of his rights, obligations and methods for opposing the Motion to Dismiss and gave him an opportunity to file opposition by not later than October 29, 2012. (Order, ECF No. 45.) Plaintiff filed his opposition to the Motion to Dismiss on October 15, 2012.[1] (Opp'n to Mot. Dismiss., ECF No. 47.) Defendants Laird, Sawaske and Embrey filed their reply on October 22, 2012. (Reply to Opp'n, ECF No. 48.) The Motion to Dismiss is now ready for ruling.

**II.   LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion

---

[1] Plaintiff's Opposition is timely under the Court's October 4, 2012 Order.

1   requirement applies to all inmate suits about prison life, whether they involve general

2   circumstances or particular episodes, and whether they allege excessive force or some

3   other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of

4   remedies is required, regardless of the relief sought by the prisoner, as long as the

5   administrative process can provide some sort of relief on the prisoner's complaint. Booth

6   v. Churner, 532 U.S. 731, 741 (2001). "[P]roper exhaustion of administrative remedies is

7   necessary," and "demands compliance with an agency's deadlines and other critical

8   procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 83–84, 90 (2006).

9        Section 1997e(a) does not impose a pleading requirement, but rather, is an

10   affirmative defense under which Defendants have the burden of raising and proving the

11   absence of exhaustion. Jones, 549 U.S. at 215; Wyatt, 315 F.3d at 1119. The failure to

12   exhaust non-judicial administrative remedies that are not jurisdictional is subject to an

13   unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315

14   F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

15   368 (9th Cir. 1998)). In deciding a motion to dismiss for failure to exhaust administrative

16   remedies, the Court may look beyond the pleadings and decide disputed issues of fact.

17   Wyatt, 315 F.3d at 1119–20. If the Court concludes that the prisoner has failed to exhaust

18   administrative remedies, the proper remedy is dismissal without prejudice. Id.

19        The Department provides inmate grievance procedures ("Grievance Procedures")

20   at all its facilities, pursuant to Title 15 of the California Code of Regulations § 1073.[2] (Decl.

21   Brandon in Supp. at ¶ 4.) The Department has adopted Detention Bureau Policies and

22   Procedures, section I-200, entitled "Inmate Grievances". (Mem. of P. & A. in Supp. at 4:3-4;

23   Decl. of Brandon in Supp. at ¶ 4.) The Grievance Procedures allow a process for inmates

24   to grieve, the Department to respond, and for inmate's appeal of the response. (Id. at 4:9-

25   11; Decl. Brandon in Supp. at ¶ 5.) Inmates are advised of the Grievance Procedures by

---

[2] Cal. Code Regs. tit. 15 § 1073(a) provides for Inmate Grievance Procedures including a grievance form or instructions for registering a grievance, resolution of the grievance at the lowest level; appeal to the next level; written reasons for denial at each level; response within a reasonable time; and provisions for resolving jurisdictional questions.

facility television and through informational pamphlets. (Mem. of P. & A. in Supp. at 4:14-16; Decl. of Barnes in Supp. at ¶¶ 3-4.)

## III.   ARGUMENTS

### A.   Defendants' Moving Argument

Defendants argue the Grievance Procedures provide the grievance process for inmates in custody of the Department. (Decl. Brandon in Supp. at ¶¶ 4-5.) "[Plaintiff] was made aware of the Grievance Procedures to the extent that he bothered to watch the daily video or read the distributed pamphlet." (Mem. of P. & A. in Supp. at 7:4-5; Decl. Barnes in Supp. at ¶¶ 3-4.)

Plaintiff did not file a grievance relating to the October 2, 2008 incident during the September 30-October 2, 2008 period he was confined at the Downtown Jail, or the October 3, 2008-January 27, 2009 period he remained in custody of the Department at Lerdo. (Decl. Trujillo in Supp. at ¶ 3; Decl. Chandler in Supp. at ¶¶ 4-5; Decl. Gordon in Supp. at ¶¶ 4-5.)

Defendants claim Plaintiff's operative Second Amended Complain does not allege that he exhausted his administrative remedies. (Mem. of P. & A. in Supp. at 3:18-19.)

### B.   Plaintiff's Opposition Argument

Plaintiff argues that he has "exhausted every available option". (Opp'n to Mot. Dismiss. at 4.) He received no notice of the Grievance Procedures. (Opp'n to Mot. Dismiss. at 3.) "At the time [P]laintiff was injured by jail staff, police and medical staff were informed" (Id. at 4), and "the sergeant came over and was personally told about what had occurred, he showed absolutely no interest in filing a report or grievance of any kind." (Id. at 3.)

Plaintiff filed a State Tort Claim with the Kern County Board of Supervisors on March 5, 2009, which was deemed rejected on April 2, 2009. (Opp'n to Mot. Dismiss. at 8.)

His two day detention at the Downtown Jail was "hardly enough time to file a grievance" (Opp'n to Mot. Dismiss. at 2); once he transferred to Lerdo the [Grievance Procedure] would have been an act in futility, as the other facility would not entertain a grievance concerning another facility." (Id. at 4.)

1   Defendants falsely suggest they have incorporated the same grievance procedures

2   as set forth in [Cal. Code Regs. tit. 15.] Id. at 2.

3   He claims that his Second Amended Complaint does in fact allege exhaustion of

4   administrative remedies. (Sec. Am. Compl. at 10.)

5   **C.    Defendants' Reply Argument**

6   Defendants argue that Plaintiff's California Tort Claims Act Claim filed with the Kern

7   County Board of Supervisors is not sufficient to satisfy the 42 U.S.C. § 1997e(a)

8   exhaustion requirements. (Reply to Opp'n at 3:1-25.)

9   Plaintiff had access to the Grievance Procedures during the several month period

10  he was in custody of the Department, but chose not to file a grievance. (Reply to Opp'n at

11  3:27-4:5.)

12  **IV.   ANALYSIS**

13  **A.    Grievance Procedures**

14  Defendants fail to provide sufficient information to establish the Grievance

15  Procedures they ask the Court to enforce. Defendants have not provided the Grievance

16  Procedures, or otherwise enlightened as to the contents thereof. See Sanchez v. Stancliff,

17  2009 WL 2498257 at *3 (E.D. Cal. August 14, 2009) ("[c]ompliance with prison grievance

18  procedures . . . is all that is required by the PLRA to 'properly exhaust.' The level of detail

19  necessary in a grievance to comply with the grievance procedures will vary from system

20  to system and claim to claim, but it is the prison's requirements, and not the PLRA, that

21  define the boundaries of proper exhaustion.") (citing Jones, 549 U.S. at 218). Nothing

22  before the Court suggests how a Department grievance is to be registered (e.g., verbal or

23  in writing), what information is required, to whom the grievance is to be presented, and the

24  time frame(s) for presentation. "A prison's own procedures define the contours of proper

25  exhaustion." Sanchez, 2009 WL 2498257 at *3 (citing Jones, 549 U.S. at 218). It appears

26  that, at least at some point the Department allowed for verbal registration of inmate

27  grievances. Sanchez, 2009 WL 2498257 at *2.

28  Defendants have failed to carry their burden of establishing the Grievance

Procedures.

**B.    Exhaustion of Grievance Procedures**

Defendants fail to demonstrate Plaintiff's failure to exhaust the Grievance Procedures. The Court has not been provided with the Grievance Procedures. "When a prison's grievance procedures are silent or incomplete as to factual specificity, a 'grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought,'" Sanchez, 2009 WL 2498257 at *3 (citing Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009)) (citing Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

Defendants have not shown any requirement for a written grievance or that a verbal grievance is insufficient, or any time frame for registering a grievance. It appears that on the day of the incident, October 2, 2008, supervisory staff at the Downtown Jail were alerted of the nature of the alleged wrong. Plaintiff requested  medical assistance immediately following the event, (Second Am. Compl. at 5), at that time Plaintiff told Downtown Jail supervisory staff, Sergeant Chang, what had happened (Id.; Opp'n to Mot. Dismiss. at 3.) Additionally, Plaintiff claims police and medical were informed (Id. at 4), and that upon his arrival at Lerdo, Department staff there had him hospitalized for eight weeks for these injuries. (Sec. Am. Compl. at 7.) Plaintiff contends he was not provided with, or made aware of the Grievance Procedures, and that Downtown Jail staff did not make any report of the incident. (Opp'n to Mot. Dismiss. at 3.) However, it appears the Department was made verbally aware of the incident and the circumstances surrounding it. Defendants have not established the absence of a verbal grievance.

The Ninth Circuit has held that the standards established in Strong are appropriately applied to ascertain whether prisoner grievances/appeals are sufficient to notify prison personnel of a problem for exhaustion purposes. Griffin, 557 F.3d at 1120. "[I]f prison regulations do not prescribe any particular content for inmate grievances, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted

1   shortcoming.'" Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004), quoting Strong, 297

2   F.3d at 650.

3       In addition, where a prison's appeal process does not specifically require a prisoner

4   to identify offending prison staff in an inmate grievance/appeal, the failure to do so will not

5   be seen as a per se failure to exhaust a claim against a defendant who was not named in

6   the prison grievance/appeal process. Jones, 549 U.S. at 200-01. However, the grievance

7   must "provide enough information . . . to allow prison officials to take appropriate

8   responsive measures." Griffin, 557 F.3d at 1121.

9       It is unclear whether Plaintiff exhausted the Grievance Procedures. Defendants

10  have failed to satisfy their burden of demonstrating that Plaintiff did not exhaust the

11  Grievance Procedures.

12          **C.     Plaintiff's State Tort Claim is Not Sufficient PLRA Exhaustion**

13      Plaintiff alleges his state tort claims act filing is sufficient as PLRA exhaustion.

14      Compliance with the California's Tort Claims Act does not satisfy the federal

15  exhaustion requirement set forth in section 1997e(a). Woodford v. Ngo, 126 S.Ct. 2378,

16  2383 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); Rumbles v.

17  Hill, 182 F.3d 1064, 1069-70 (9th Cir. 1999) (overruled in part by Booth, 532 U.S. at 731).

18      Plaintiff can not rely upon his state Tort Claims Act Claim in satisfaction of the

19  federal exhaustion requirement set forth in section 1997e(a). See Sanchez v. Detention

20  Officers of Kern County Sheriff's Lerdo Jail, 2005 WL 2616278 at *2 (E.D. Cal. October 13,

21  2005) (prisoner's filing of a complaint with Kern County insufficient to demonstrate

22  exhaustion of the remedies available within the institution).

23  **V.     CONCLUSIONS AND RECOMMENDATION**

24      Defendants have failed to carry their burden of establishing the Grievance

25  Procedures and Plaintiff's failure to exhaust thereunder pursuant to 42 U.S.C. § 1997e(a).

26      Accordingly, for the reasons stated above the Court RECOMMENDS that

27  Defendants' Motion to Dismiss (ECF No. 37) be DENIED without prejudice. These findings

28  and recommendation are submitted to the United States District Judge assigned to the

case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

The Clerk shall serve these Findings and Recommendation on Plaintiff at the following addresses:

Richard Lawson                    Richard Lawson
26627 Shakespeare Lane             CDC# D30022
Stevenson Ranch, CA 91381          California Medical Facility
                                   P.O. Box 2500
                                   Vacaville, CA 95696-2500

IT IS SO ORDERED.

Dated:    October 29, 2012          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

-8-