UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON, | CASE No.   1:09-cv-00992-LJO-MJS (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| DONALD YOUNGBLOOD, et al., | |
| Defendants. | (ECF No. 54) |
| / | CASE TO REMAIN OPEN |

Plaintiff Richard Alan Lawson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on June 8, 2009 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (Consent Magistrate, ECF No. 5.) Defendants Embrey, Laird and Sawaske declined to extend Magistrate Judge jurisdiction to all matters and for all purposes in this case. (Decline Magistrate, ECF No. 32.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 302 of the United States District Court

-1-

for the Eastern District of California.

On October 30, 2012, Findings and Recommendation Denying without Prejudice Defendants' Motion to Dismiss Action for Failure to Exhaust Administrative Remedies (F&R Denying Mot. to Dismiss., ECF No. 54) were filed in which the Magistrate Judge recommended that Defendants' Motion to Dismiss (ECF No. 37) be DENIED without prejudice. The parties were notified that objection, if any, was due within fourteen days.

On November 13, 2012, Defendants filed Objections to the Magistrate Judge Findings and Recommendation. (Obj. to F&R, ECF No. 55.) Plaintiff did not file a reply to the Objections and the time for doing so has passed. (F&R Denying Mot. to Dismiss. at 8:4-5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis. In their Objections, Defendants re-argue the adoption of Kern County Sheriff's Department Inmate Grievances Policies and Procedures ("Grievance Procedures"). (Obj. to F&R at 1:25-2:14.) But apart from their concession the Grievance Procedures allow for "verbal grievances" (Id. at 2:25-26), nothing before the Court enlightens as to requirements thereof. Defendants go on to re-hash arguments previously reviewed by the Court and found insufficient, that Plaintiff fails to allege and support exhaustion under the unestablished Grievance Procedures.

These arguments are not sufficient as objections and raise no material issue of law or fact under the Findings and Recommendation. Defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 215

(2007); see also Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have failed to establish the Grievance Procedures and Plaintiff's failure to exhaust thereunder pursuant to 42 U.S.C. § 1997e(a). Significantly, Plaintiff may have lodged an oral grievance the disposition of which is uncertain. The Court can not properly analyze exhaustion where the requirements of the Grievance Procedure have not been established.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendation filed October 30, 2012, in full, and

2. Defendants' Motion to Dismiss (ECF No. 37) is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   December 5, 2012**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE