IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON, | CASE No. 1:09-cv-00992-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| vs. | (ECF No. 67) |
| DONALD YOUNGBLOOD, et al., | |
| Defendants. | |
| _____/ | |

## I.    PROCEDURAL HISTORY

Plaintiff Richard Alan Lawson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on June 8, 2009 pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The matter proceeds on Plaintiff's Second Amended Complaint (ECF No. 21) of inadequate medical care by Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and excessive force by Defendant Laird. (ECF No. 22.) Defendants Laird, Sawaske and Embrey filed an Answer on August 1, 2012. (ECF No. 29.) Defendant Chang filed an Answer March 28, 2013. (ECF No. 57.)

The Marshal was unable to locate Defendant Clemente, Nurse at Kern County Jail, and returned the summons unexecuted. (ECF No. 38.) The Marshal was ordered to make a second attempt, (ECF No. 53) but has not yet made a return of service thereon.

Pending before the Court is Plaintiff's Motion for entry of default judgment against Defendant Clemente for failure to respond to the pleading. (ECF No. 67.) Defendants Laird, Chang, Sawaske and Embrey object to the Motion to the extent it seeks entry of their default. (ECF No. 66.)

## II.   LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

When considering whether to enter a default judgment, the court should consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Al– Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996); Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989). "[T]he general rule disfavors default judgments. Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472.

## III.   ANALYSIS

Plaintiff's Motion, directed against Defendant Clemente, appears to seek relief

against all listed Defendants. The Motion shall be denied without prejudice as to Defendant Clemente. The Motion shall be denied with prejudice as to remaining Defendants Laird, Chang, Sawaske and Embrey.

### A.    Defendant Clemente

Plaintiff is not entitled to entry of default against Defendant Clemente because he has not demonstrated that that Defendant has been served with process. Absent service, the Court has no jurisdiction over a defendant. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004); see also Harry and David v. J & P Acquisition, Inc., 865 F.Supp.2d 494, 500 (D. Del. 2011) (absent proper service a defendant is not legally called to answer and entry of default is void.)

In fact it appears the U.S. Marshal has not legally effected service of process upon Defendant Clemente and thereby triggered that Defendant's legal obligation to respond to Plaintiff's Second Amended Complaint. Fed. R. Civ. P. 4(d)(e); Fed. R. Civ. P. 55(a).

Plaintiff's instant motion is clearly premature as to Defendant Clemente. Until and unless Defendant Clemente is in default, Plaintiff may not seek entry of his/her default and judgment thereon.

### B.    Defendants Laird, Chang, Sawaske and Embrey

Plaintiff is not entitled to entry of default against Defendants Laird, Chang, Sawaske and Embrey as they have responded to the Second Amended Complaint are not in default. Their objection to the instant Motion, to the extent it seeks entry of default against them, is sustained.

### IV.    ORDER

Accordingly, for the reasons stated above, it is HEREBY ORDERED THAT Plaintiff's Motion for entry of default (ECF No. 67) is DENIED without prejudice as to Defendant Clemente, and DENIED with prejudice as to Defendants Laird, Chang,

Sawaske and Embrey.

IT IS SO ORDERED.

Dated:     June 4, 2013                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

-4-