# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD YOUNGBLOOD, et al.,<br><br>Defendants. | Case No. 1:09-cv-00992-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANTS' MOTION TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 64)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Richard Alan Lawson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on the SECOND amended complaint claims of inadequate medical care by Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and excessive force by Defendant Laird. (ECF No. 22.) On September 6, 2012, Defendants Embrey, Laird and Sawaske filed a motion to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies, which motion was denied without prejudice by the Court on December 5, 2012. (ECF No. 56.)

Before the Court is a second motion to dismiss the action under the unenumerated provisions of Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies.  It was filed on May 29, 2013 by Defendants Chang, Embrey, Laird and

Sawaske. (ECF No. 64.) Plaintiff responded to the motion on July 11, 2013. (ECF No. 69.) Defendants replied on July 23, 2013. (ECF No. 70.) The matter is now ready for ruling. Local Rule 230(*l*).

## I.     LEGAL STANDARD

### A.     12(b) Motion to Dismiss for Failure to Exhaust

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001). To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the district court. Jones, 549 U.S. at 216. A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Federal Rule of Civil Procedure 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998).

In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed

issues of fact" in a procedure that is "closely analogous to summary judgment." Wyatt, 315 F.3d at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. ARGUMENTS

### A. Defendants' Position

Plaintiff's claims arose on October 2, 2008, while he was a pre-trial detainee in the custody of Kern County Sheriff's Department ("KCSD") at Kern County Central Receiving Facility ("Downtown Jail"). Plaintiff was about to board a bus for transfer to KCSD's Lerdo Detention Facility ("Lerdo") when the incident with Defendants occurred. Plaintiff was transferred to and remained at Lerdo for several months. He was then transferred to federal custody.

KCSD had a grievance process (adopted pursuant to Title 15[1]) under which prisoners could grieve verbally. If the verbal grievance was not resolved, it was to be filed in writing on a form provided by the officer to whom the verbal grievance was lodged.

Plaintiff arrived at the Downtown Jail on September 30, 2008 and departed it on October 2, 2008. During this time, he was made aware of the KCSD grievance process by watching daily televised statements and by reading informational pamphlets distributed to him.

Plaintiff did not make a proper KCSD oral grievance to Defendants at the time of the incident. Though he complained of having been assaulted and he asked for help, he did no more and cannot identify any individual to whom he complained. Such actions do not rise to the level of a grievance.

Plaintiff did not file a KCSD written grievance. Plaintiff's asserts he did file a State Tort Claims Act claim. Doing so would not satisfy the PLRA exhaustion requirement.

### B. Plaintiff's Position

Plaintiff asserts Defendants' motion simply re-hashes the same arguments already rejected by the Court in response to the previous Rule 12(b) motion.

---
[1] See Cal. Code Regs. tit. 15 § 1073, which provides for grievance procedures at local detention facilities.

3

He notes again that he was knocked unconscious during the application of force and suffered injuries to his mouth and airway complications. (ECF No. 21 at 5-8.) As he was regaining consciousness, he made a verbal complaint to Defendants including Sgt. Chang, supervisor of the perpetrating custody staff Defendants, who arrived shortly after the application of force. Chang did nothing other than to order Plaintiff on the bus for transport to Lerdo.

Plaintiff asserts he was never made aware of the KCSD grievance process, but that he in any event exhausted all remedies available at the time of his transfer.

Plaintiff filed a State Tort Claims Act claim for Defendants' conduct which was denied.

### III. ANALYSIS

Plaintiff must have properly exhausted KCSD administrative remedies prior to June 8, 2009, the date he filed this action Woodford, 548 U.S. at 85–86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir.2002), or demonstrate that unexhausted administrative remedies were effectively unavailable. See Nunez v. Duncan, 591 F.3d 1217, 1223-26 (9th Cir. 2010) (exhaustion not required when circumstances render administrative remedies "effectively unavailable."). For the reasons discussed below, Plaintiff exhausted available remedies and was excused from pursuing any unexhausted remedies because of his transfer so soon after the underlying incident. Accordingly, Defendants' motion should be denied.

    **A.    Plaintiff Exhausted Available KCSD Administrative Remedies**

        1.    Plaintiff Verbally Grieved the Incident

PLRA exhaustion is intended to allow the agency responsible for the claimed error, here KCSD, an opportunity prior to filing of litigation to correct its own mistakes with respect to programs it administers. See Woodford, 548 U.S. at 89. It is undisputed KCSD had in place a process of informal verbal grievances followed by formal written grievances. (ECF No. 65 at 15.)

A grievance "suffices to exhaust a claim if it puts the prison on adequate notice of

1  the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-23
2  (9th Cir. 2010). The prisoner need only provide the level of detail required by the prison's
3  regulations. Sapp, 623 F.3d at 824. While this standard provides a low floor, it advances
4  the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v.
5  Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); accord Akhtar v. Mesa, 698 F.3d 1202, 1211
6  (9th Cir. 2012).

7        The parties disagree whether Plaintiff was made aware of the KCSD grievance
8  process during his two days at the Downtown Jail preceding the incident. Defendants argue
9  their custom and practice was such as to put Plaintiff on notice of the grievance process.
10 Plaintiff argues he was not notified. It matters not. The undersigned finds Plaintiff verbally
11 grieved the incident in accordance with established procedures when he complained to Sgt.
12 Chang he had been assaulted and needed help. (ECF No. 64 at 9:24.) Plaintiff displayed
13 obvious injuries that were treated initially by a staff nurse before he was transported. (ECF
14 No. 64 at 8-10.) They were serious enough to require additional treatment at Lerdo. (Id.)

15       The KCSD process did not require Plaintiff do more. Nothing suggests KCSD
16 required verbal grievances be lodged in any particular manner or include any particular
17 content. Plaintiff's verbal complaint sufficiently alerted Defendants to the complained-of
18 conduct, where and when it took place, the parties involved, the injuries suffered, and the
19 assistance desired. Sapp, 623 F.3d at 824; accord Akhtar, 698 F.3d at 1211.

20       Defendants' contention that Plaintiff needed to provide unspecified "followup" in
21 order for the verbal complaint to "rise to the level of a [g]rievance" (ECF No. 64 at 9:6-7) is
22 unsupported by the KCSD grievance process and controlling law. Defendant officers,
23 having been placed on notice, did not address the verbally grieved conduct and did not
24 provide the required Inmate Grievance Form. (ECF No. 65 at 15.)

25       2.    <u>Written Grievance Process Effectively Unavailable</u>

26 When a defendant raises PLRA exhaustion as a defense, and plaintiff provides a
27 plausible argument in response, it is suggested the district court follow a three-step inquiry,
28 under which the court must determine (1) whether administrative remedies were in fact

5

1  available, (2) whether defendants waived the defense by not raising or preserving it or are
2  estopped from raising the defense based on their own behavior, such as inhibiting an
3  inmate from grieving, and (3) whether there are any special circumstances that may justify
4  a failure to exhaust. Veloz v. New York, 339 F.Supp.2d 505, 513 (S.D.N.Y. 2004).

5        Plaintiff claims Defendants did not respond to his verbal grievance at the Downtown
6  Jail and that his transfer to Lerdo made unavailable further KCSD administrative remedies.
7  In some cases transfer away from a facility where a claim arises does not excuse PLRA
8  exhaustion with the transferor agency. Courts have found that where a plaintiff had an
9  opportunity to meaningfully pursue the grievance while incarcerated at the facility where the
10 grievance arose, the failure to exhaust those remedies was not excused by the plaintiff's
11 transfer to a different facility. See e.g., Santiago v. Meinsen, 89 F.Supp.2d 435, 441
12 (S.D.N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility). The
13 rationale for not granting an exception to administrative exhaustion being that a plaintiff
14 should not be "rewarded" for failing to participate in grievance procedure before being
15 transferred. Hartry v. County of Suffolk, 755 F.Supp.2d 422, 433 (E.D.N.Y. 2010); see also
16 Miles v. Cnty. of Broome, No. 04–CV–1147, 2006 WL 561247, at *6 (N.D.N.Y. March 6,
17 2006) ("Plaintiff was not transferred . . . until after he had the opportunity to file a
18 grievance."). However, this analysis is not applicable here.

19       The KCSD grievance process permits an inmate to file a formal written grievance
20 only where the officer can not resolve the informal verbal grievance and the officer provides
21 the Inmate Grievance Form. Here, Defendant officers neither responded to Plaintiff's verbal
22 grievance nor provided him the Inmate Grievance Form. Plaintiff apparently was transferred
23 out of the Downtown Jail immediately after the incident. Defendants have not demonstrated
24 Plaintiff had a meaningful opportunity to further pursue the KCSD administrative remedies
25 while at the Downtown Jail. See e.g., Hartry, 755 F.Supp.2d at 432 (inmate's transfer to a
26 new prison within two days of attack by another inmate made administrative remedies
27 effectively unavailable); Muller v. Stinson, No. 99–CV–0624, 2000 WL 1466095, at *2
28 (N.D.N.Y. Sept. 25, 2000) ("If [plaintiff] did not have an opportunity to avail himself of the

1  grievance procedure because of his transfer, then he is not required to exhaust his
2  administrative remedies.").

3        It does not appear Plaintiff was provided with guidance on post-transfer grievance
4  filing. The KCSD process suggests officers to whom the verbal grievance was lodged
5  remained responsible to facilitate any formal written grievance. Here the transfer placed
6  Plaintiff out of contact with said officer(s). Defendant has not shown this to be a case where
7  the KCSD grievance process was available to Plaintiff and that Plaintiff nonetheless failed
8  to pursue it.

9        Exhaustion may be excused where prisoner took reasonable and appropriate steps
10 but was precluded by prison staff and through no fault of his own. Sapp, 623 F.3d at 822-23
11 (9th Cir. 2010); cf., Alexander v. Tippah County, Miss., 351 F.3d 626, 630 (5th Cir. 2003)
12 (state prisoner's failure to pursue available administrative remedy precluded his § 1983
13 action alleging excessive use of force where prisoner had opportunity to file grievance, but
14 chose not to). Plaintiff's failure to file a written grievance should be excused as an
15 effectively unavailable remedy.

16 **IV.**    **CONCLUSIONS AND RECOMMENDATIONS**

17       Plaintiff properly exhausted the available verbal grievance remedy, and was excused
18 from any unexhausted written grievance remedy because of his transfer from the
19 Downtown Jail immediately after the incident. Defendant has not shown Plaintiff's
20 excessive force and medical care claims are barred by the PLRA exhaustion requirement.

21       Accordingly, for the reasons stated above, the undersigned RECOMMENDS that
22 Defendants' motion to dismiss filed May 29, 2013 (ECF No. 64) should be DENIED.

23       These Findings and Recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
25 Within fourteen (14) days after being served with these Findings and Recommendations,
26 any party may file written objections with the Court and serve a copy on all parties. Such a
27 document should be captioned "Objections to Magistrate Judge's Findings and
28 Recommendations." Any reply to the objections shall be served and filed within fourteen

(14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: January 22, 2014                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE