# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD YOUNGBLOOD, et al.,<br><br>　　　　　Defendants. | Case No. 1:09-cv-00992-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND UNDISPUTED FACTS**<br><br>**(ECF No. 77)** |

## I.     PROCEDURAL BACKGROUND

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on the Second Amended Complaint claims of inadequate medical care by Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and excessive force by Defendant Laird.[1]

Before the Court is Plaintiff's motion seeking partial judgment on the pleadings and undisputed facts. Defendants filed opposition. Plaintiff has not replied to the opposition and the time for doing so has passed. The Court is ready to rule.

---

[1] Defendant Clemente has not been served or appeared in this action.

1

## II. DISCUSSION

### A. Judgment on the Pleadings

#### 1. Legal Standard

A motion for judgment on the pleadings is a means to challenge the sufficiency of the opposing party's pleading and provides a vehicle for summary adjudication on the merits after the pleadings are closed. Fed. R. Civ. P. 12(c); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). The pleadings are closed when all required pleadings have been served and filed. *Norcal Gold, Inc. v. Laubly*, 543 F.Supp.2d 1132, 1135 (E.D. Cal. 2008).

The court applies the same standard as on 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

A plaintiff may bring the motion if the answer fails to controvert material facts alleged in the complaint. Such a motion cannot be granted if the answer raises a fact or an affirmative defense that, if true, would defeat recovery. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). "A plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *General Conference Corp. of Seventh–Day Adventists*, 887 F.2d at 230.

Partial judgment on the pleadings is possible as to one of several claims raised for which no fact or affirmative defense raised, if true, would defeat recovery. *Independence News, Inc., v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

If matters outside the pleadings are presented the motion for judgment on the pleadings is converted to a Rule 56 motion. Fed. R. Civ. P. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

#### 2. Analysis

The Answer of Defendants Embrey, Laird and Sawaske admits jurisdiction and their residence and employment, but otherwise denies the allegations in the Second Amended Complaint and lodges 24 affirmative defenses including failure to state a claim and statutory and qualified immunity (see ECF No. 29). This sufficiently denies and controverts material facts alleged by Plaintiff. Fed. R. Civ. P. 8(b).

Similarly, the Answer of Defendant Chang admits jurisdiction and his residence, but otherwise denies the allegations in the Second Amended Complaint and lodges 24 affirmative defenses including failure to state a claim and statutory and qualified immunity (see ECF No. 57). It thus denies and controverts material facts alleged by Plaintiff in the same way as did the other Defendants.

In evaluating Plaintiff's motion all material allegations in Defendants' Answers are accepted as true and construed in the light most favorable to Defendants. See *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004). Judgment on the pleadings is proper only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c). *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). Plaintiff points to nothing about the Answers that lend them to judgment in his favor.

In short, Plaintiff has failed to meet his burden under Rule 12(c) for judgment on the pleadings.

### B.     Summary Adjudication of Issues

#### 1.     Legal Standard

Summary adjudication is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary adjudication bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.*

        2.      Analysis

Plaintiff seeks Rule 56 summary adjudication of issues based upon the pleadings and Defendants' discovery responses. The deadline for seeking such dispositive relief was February 6, 2014. (ECF No. 59.) Plaintiff filed this motion on March 10, 2014. Plaintiff's request for summary adjudication is untimely. He may not seek summary adjudication unless he successfully moves the Court for an extension of the deadline, justifies the untimely motion, and shows good cause for granting the extension.

Even if the Court were to reach the merits of the instant motion, it is otherwise procedurally deficient. Plaintiff has not properly identified the relief sought or the supporting grounds. Fed. R. Civ. P. 7; Local Rule 230. He has not provided a separate statement of facts showing the issues he claims to be undisputed or provided evidence in support of his motion. Fed. R. Civ. P. 56; Local Rule 260.

Given these deficiencies the Court will not allow the motion to proceed as a converted Rule 56 motion.

**III.    ORDER**

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking partial judgment on the pleadings and undisputed facts (ECF No. 77) is DENIED without prejudice, and
2. The Clerk of the Court shall serve this Order on Plaintiff at both of the following addresses:

| **Richard Alan Lawson**<br>D-30022<br>California Medical Facility (2500)<br>P.O. Box 2500<br>Vacaville, CA 95696-2500 | **Richard Alan Lawson**<br> c/o Leland Terrell<br>334 Clifton St.,<br>Bakersfield, CA 93307 |
|---|---|

IT IS SO ORDERED.

Dated:     April 21, 2014                    /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

5