# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALAN LAWSON,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No. 1:09-cv-00992-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION DISMISSING DEFENDANT CLEMENTE FOR INSUFFICIENT INFORMATION TO EFFECT SERVICE OF PROCESS**<br><br>**(ECF No. 87)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter proceeds on the Second Amended Complaint claims of inadequate medical care by Defendants Laird, Chang, Sawaske, Embrey, and Clemente, and excessive force by Defendant Laird.

The United States Marshal was ordered to initiate service of process on January 11, 2012. (ECF No. 26.) The Marshal could not locate Defendant Clemente for service, and on September 17, 2012, returned summons unexecuted. (ECF No. 38.) On October 29, 2012, the Court ordered the Marshal to again attempt service on Defendant Clemente. (ECF No. 53.) The Marshal, despite numerous attempts, was unable to locate Clemente. The summons on re-service was returned unexecuted on May 12, 2014. (ECF No. 86.)

1

On May 19, 2014, the Court ordered Plaintiff to show cause why Defendant Clemente should not be dismissed due to the absence of sufficient information to effect service of process. (ECF No. 87.)

Plaintiff responded that he does not have any additional service information, that it should be the obligation of defense counsel to provide such information, and that Defendant Clemente in any event answered the complaint. (ECF No. 88.)

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). However, Rule 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause . . . ." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

Despite Plaintiff presumably having provided all information he has regarding Defendant Clemente and his whereabouts, the Marshal has been unable on repeated attempts to effect service of process upon him. Absent additional information about said Defendant's whereabouts, further attempts at service would be futile, and it appears that no further information will be forthcoming.

Plaintiff does not offer a sufficient explanation of why he has not and can not

provide information sufficient to effect service of process upon Defendant Clemente. The obligation to do so is on Plaintiff, not Defendants. *Walker*, 14 F.3d at 1422.

Contrary to Plaintiff's claim, Defendant Clemente has not appeared in this action by answer or otherwise.

Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant(s) is appropriate. *Walker*, 14 F.3d at 1421-22.

Accordingly, for the reasons stated the undersigned finds that the avenues available to locate and serve Defendant Clemente have been exhausted, and recommends that Defendant Clemente be dismissed from this action without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 26, 2014           /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE